STATE OF DELAWARE, *ex relatione* BETTINE MCKEAN ROGERS *vs.* WILLIAM H. ROGERS.

New Castle County, September Term, 1895.

**Parent and Child. Infancy.**—A father may be liable for the support of his children, although he has been divorced by an act of the Legislature, upon the petition of his wife, and the custody of the children given to her.

This was an application of Bettine McKean Rogers to compel Wllliam H. Rogers to support his minor children under the statute of this State. At the session of the Legislature in 1895, upon the petition of Bettine McKean Rogers an act was passed divorcing her from her husband, William H. Rogers, and giving to her the custody of her children. There was no resistance to the divorce made by the husband.

*Ward,* for the State, (*P. L. Cooper, Jr.,* Deputy Attorney General, with him.)    This application is under the Statute and is for the purpose of enforcing the liability of the father.    There is no exception in the Statute.    It does not contemplate continuing marital relations.    It goes further than the common law and imposes the obligation to support minor children under all circumstances. *Pretzinger vs. Pretzinger,* 45 Ohio 452; *Jeans vs. Jeans,* 2 Harring. 142; *Buckminster vs. Buckminster,* 38 Vt. 248; *Conn vs. Conn,* 57 Ind. 323; *Courtright vs. Courtright,* 40 Mich. 633; *Thomas vs. Thomas,* 41 Wis. 299; *Plaster vs. Plaster,* 47 Ill. 290.

*Rodney,* for the defendant, contended that without the right to the services of the children the corresponding duty of support did not exist.    *Finch vs. Finch,* 22 Conn. 414; *Husband vs. Husband,* 67 Ill. 583; *Burrett vs. Burrett,* 29 Barb. 124.

CULLEN, J., delivered the opinion of the Court.

This is an application, under the Act of Assembly, for the benefit of Married Women and Minor Children, passed at Dover, the 13th of April, 1887, for an order on William H. Rogers to support and maintain Beauford McKean Rogers and Jeanette Girard Rogers, his children.

The question arising in this case involves a construction of the Act of Assembly, which for the first time is presented for the consideration of this Court.    To do so it becomes necessary to state the facts involved.

The said William H. Rogers and Bettine Rogers, on whose information or complaint this proceeding was brought under said Act of Assembly, were at one time husband and wife, legally married, and as such lived together, and during such marriage, the said two children, above named as minors, were born; and as husband and wife they continued to live together until a short time before the application to the Legislature, after which time they lived separate and apart.

On the 9th day of May, A. D. 1895, on the application of the wife of the said William H. Rodgers to the Legislature of this State, an Act was passed by the said Legislature, in by which the said wife was divorced from the said William H. Rodgers and the custody of the said children was given to the said wife, as appears from said Act. At the time and ever since the passage of said Act of Divorce the said children were and yet are in the care and custody of the said wife, and while in the care and custody of the said wife proceedings were taken out under said Act to obtain an order to compel maintenance and support for the said minor children.

The question presented for our decision is whether the said William H. Rogers is bound to pay such sums as the said Court shall think reasonable and proper for the comfortable support and maintenance of said children under the above state of facts.

The counsel for the defence contends, that though admitting the general liability of the husband while the marriage tie exists to support the children, yet the said relation of marriage having been legally dissolved by said Act and under the provisions of said Act, the custody and care of said children having been given to the wife, the husband is no longer bound to support them since he is wholly deprived of the society and benefit of their services, on which rests his common law right to support.

It is further contended by the defence that the liability to support the children though devolving on the father while the marriage relation exists, yet in case of divorce the liability is mutual and both alike are bound to support them in case of a dissolution of marriage by either a decree of a Court, or Act of Assembly. That the wife having applied for and obtained a divorce from the bonds of matrimony and in the same Act the children having been placed in her custody, she is estopped and has no right afterwards, having their custody and care, to demand support of the father, from whom by her own act she has sought and obtained a final separation and deprived of the care and custody of his children.

It is further contended by the counsel for the defence that the said Act of Assembly does not apply to cases of this kind.

The counsel for the informant bases his claim to support for the children as resting entirely upon the statute. A divorce legally obtained changes the relations of the parties; they are no longer man and wife; the legal separation at once makes each sole and separate, no longer one. This alone affects the man and wife, they are the only parties; the children begotten during the marriage are not parties to or bound by the divorce. Parents by the law of nature are bound to support their issue, the father primarily as the head of the family, the liabilities of the wife being at common law merged in the husband, but the liability is common to both, and in case of divorce, though the relations of man and wife may cease, yet the liability to support their children exists and continues alike to each, unless upon the granting of said divorce there be embodied in the decree therefor some special provision for the children, who are consigned to the wife, to be paid by the husband, in which case, having been by the decree deprived of the society and custody of his children and made pay a specific sum, he may be discharged as to any liability, even under said statute. True it is, no action at common law could be brought against a parent to support his children in future, though he is liable for past support as to necessaries, where he refuses to furnish them.

In this connection we may say that all the cases cited have really no application to the one before us, since they are founded on actions for support and maintenance previously furnished.

As stated, parents are mutually bound to support their children, but at common law no suit could be had until a right in some one existed who had done that which it was the parents' duty to perform, but our statute provides not for the past, it is cumulative to, and makes a provision not recognized by, the common law, a provision for the future support of children. We think this statute is clear and unambiguous as to its intent and meaning, and that under its provisions, the said William H. Rogers is bound to pay such sum as may be ordered by this Court for the support of his minor children.